Anthony M. Keats (Bar No. 123672)
akeats@kmwlaw.com
David K. Caplan (Bar No. 181174)
dcaplan@kmwlaw.com
Konrad K. Gatien (Bar No. 221770)
kgatien@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Plaintiff
GIVENCHY, S.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GIVENCHY S.A., a *société anonyme* duly organized and existing under the laws of France,<br><br>Plaintiff,<br><br>v.<br><br>BCBG MAX AZRIA GROUP, INC., a California corporation,<br><br>Defendant. | Case No.: **CV10 8394 -GHK (SHx)**<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))**<br>2. **STATE STATUTORY AND COMMON LAW UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§ 17200 et seq.); and**<br>3. **CONSTRUCTIVE TRUST** |

1   Plaintiff, Givenchy S.A., through its attorneys, complaining of Defendant,

2   BCBG Max Azria Group, Inc., alleges as follows:

3                          **JURISDICTION AND VENUE**

4       1.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§

5   1116(a) and 1121; 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b); and 28 U.S.C. §

6   1367.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

7                          **NATURE OF THE ACTION**

8       2.      This is an exceptional case of trade dress infringement and unfair

9   competition arising out of Defendant's intentional copying of the distinctive non-

10  functional elements of Plaintiff's well-known trade dress embodied in its popular

11  Nightingale handbag.  As a result of Defendant's importing, advertising, marketing,

12  promoting, offering for sale, distributing and selling of Defendant's knock-off

13  "Rembrandt" and other handbags into this judicial district, Plaintiff is entitled to its

14  damages, Defendant's profits, an injunction, and Plaintiff's attorneys' fees and costs

15  incurred in this suit.

16                              **THE PARTIES**

17      3.      Plaintiff, Givenchy S.A. ("Givenchy"), is a *société anonyme* duly

18  organized and existing under the laws of France, having an office and principal place

19  of business in Paris, France.

20      4.      Plaintiff is informed and believes and thereupon alleges that at all times

21  relevant hereto defendant, BCBG Max Azria Group, Inc. ("BCBG"), is an active

22  California corporation with a local headquarters located at 2761 Fruitland Avenue,

23  Vernon, California 90058, an online place of business at http://www.bcbg.com, and is

24  and has been doing business in this judicial district and the State of California and is

25  and has imported, advertised, marketed, promoted, offered for sale, distributed and

26  sold handbags wrongfully bearing infringements of Givenchy's Nightingale Trade

27  Dress in this judicial district and the State of California.

28

COMPLAINT

# FACTUAL ALLEGATIONS

## Givenchy's History, Rights and Products

5.      Having worked as a stylist with some of the most influential couturiers of his time, Hubert De Givenchy opened his own couture house in 1952.  Today, Givenchy is an international luxury brand, known worldwide for its haute couture, ready-to-wear collections for men and women, fashion accessories, fragrance, skin care, and jewelry.

6.      Among other things, Givenchy is engaged in the manufacture, sale and distribution in interstate commerce of prestigious luxury merchandise, including handbags and related fashion accessory items.

7.      In particular, with respect to this action, Givenchy is the creator and exclusive owner of the Nightingale handbag, launched in 2006.

8.      The design and ornamentation of the Nightingale handbag including without limitation the total image and overall appearance reflected in such features as the size, shape, color or color combinations, product design, texture, and selection and arrangement of materials and accessories, as further set forth in Paragraph 31 hereof, are distinctive and non-functional (these features are collectively referred to herein as the "Givenchy Nightingale Trade Dress").  True and correct copies of photographs of authentic Givenchy Nightingale handbags bearing the Givenchy Nightingale Trade Dress are attached hereto as **Exhibit 1**.

9.      Givenchy and its distributors have earned in excess of fifty (50) million dollars in revenue from their sale of authentic Givenchy Nightingale handbags bearing the Givenchy Nightingale Trade Dress and have extensively advertised and marketed such products worldwide.

10.     The Givenchy Nightingale Trade Dress, and the goodwill of Plaintiff's business in connection thereto, are in full force and effect and have never been abandoned.

COMPLAINT

11.   Givenchy's Nightingale handbags bearing the Givenchy Nightingale Trade Dress, by reason of their style, distinctive designs and craftsmanship have come to be known by the purchasing public throughout the United States as being of the highest quality.  As a result thereof, the Givenchy Nightingale Trade Dress, and the goodwill associated therewith, are of inestimable value to Plaintiff.

12.   Through Givenchy's efforts, Givenchy succeeded in producing a product that placed its distinctive handbags among the trendiest and most sought-after handbags in the United States market, owned by celebrities such as Heidi Klum, Rhianna, Nicole Richie and Ashley Tisdale, among others.

13.   The major media coverage that Givenchy's Nightingale handbags have received, and continue to receive, has firmly established the Givenchy Nightingale Trade Dress as a unique indicator of Plaintiff as the source of origin of its distinctive Nightingale handbags.

14.   For example, Givenchy's Nightingale handbags have been reviewed or featured in such high-profile magazines as Vogue, Allure, Harper's Bazaar, Marie Claire, Elle and W.  In addition, Givenchy's Nightingale handbags have been featured in such popular publications as US Weekly, OK!, and In Touch, to name a few.

15.   Based on the extensive sales of Plaintiff's handbags and their wide popularity, the Givenchy Nightingale Trade Dress has developed a secondary meaning and significance in the minds of the purchasing public, and Givenchy's Nightingale handbags bearing such trade dress are immediately identified by the public exclusively with Plaintiff.

16.   As the owner of Givenchy's Nightingale Trade Dress, Givenchy has the exclusive right to use said trade dress in commerce.

17.   Plaintiff's Givenchy Nightingale Trade Dress is vital to Plaintiff and Plaintiff will suffer irreparable harm if any third parties, including Defendant herein, are allowed to manufacture and sell infringing handbags bearing trade dress that unlawfully copies and imitates Plaintiff's Givenchy Nightingale Trade Dress.

-3-

COMPLAINT

**Defendant's Infringing Activities**

18.    After Givenchy's adoption and use of its Nightingale Trade Dress on its handbags in 2006, on information and belief, Defendant, in or about 2009, began importing, promoting, marketing, advertising, displaying, offering for sale, distributing and selling its knock-off "Rembrandt" and other handbags that deliberately copy, line-by-line and stitch-by-stitch distinctive, non-functional elements of Givenchy's Nightingale Trade Dress ("Infringing Handbags"). Copies of photographs of exemplars of Defendant's Infringing Handbags are attached hereto as **Exhibit 2**.

19.    Givenchy has never authorized or consented in any way to the use by Defendant of Givenchy's Nightingale Trade Dress, or given Defendant permission to make copies or imitations thereof.

20.    The use by Defendant of Givenchy's Nightingale Trade Dress and copies or infringements thereof on Defendant's Infringing Handbags is likely to cause consumers, the public and the trade to erroneously believe that the handbags Defendant has imported, promoted, marketed, advertised, displayed, offered for sale, distributed and sold are authorized, sponsored, and/or approved by Givenchy when, in fact, they are not.

21.    Defendant has acted with reckless disregard for Givenchy's rights in connection with its unlawful activities. Alternatively, Defendant intentionally engaged in illegal copying of Givenchy's popular handbags with the specific intent to profit therefrom. As a result, this case is an exceptional case under 15 U.S.C. § 1117(a).

22.    By using infringements of Givenchy's Nightingale Trade Dress, Defendant has traded on the goodwill and reputation of Givenchy and has created the false impression that its handbags are Givenchy's legitimate products.

23.    Among other things, the distribution, sale, offers of sale, display, promotion, marketing and advertisement of handbags bearing infringements of Givenchy's Nightingale Trade Dress has and will reflect adversely on Givenchy as the

believed source of origin thereof; hamper continuing efforts by Givenchy to protect its outstanding reputation for high quality, originality and distinctive handbags; and tarnish the goodwill and demand for genuine Givenchy handbags.

24.     By committing the aforesaid acts, Defendant has: a) traded upon Givenchy's ingenuity, goodwill and reputation by creating a false association between Givenchy  and its authentic products bearing the Nightingale Trade Dress and Defendant and Defendant's Infringing Handbags; b) disparaged Givenchy, its Nightingale Trade Dress and its products by creating a false association between Givenchy and its authentic products bearing the Nightingale Trade Dress and Defendant and Defendant's Infringing Handbags; and c) misappropriated Givenchy's advertising ideas and style of doing business with regard to the advertisement, promotion, marketing and sale of Givenchy's genuine products.

25.     Defendant's Infringing Handbags are likely to cause, and have caused, confusion, deception and mistake by consumers, the public and the trade.  This confusion causes irreparable harm to Givenchy and dilutes the distinctive quality of Givenchy's Nightingale Trade Dress and reduces the demand for authentic Givenchy Nightingale handbags.  Accordingly, Defendant must be restrained and enjoined from any further infringement of Givenchy's Nightingale Trade Dress.

26.     The injuries and damages sustained by Givenchy have been directly and proximately caused by Defendant's wrongful conduct as set forth herein.

27.     Defendant has been unjustly enriched by illegally using and misappropriating Givenchy's intellectual property for its own financial gain.

28.     Givenchy has no adequate remedy at law.

29.     Givenchy has suffered harm and damages as a result of the acts of Defendant in an amount to be determined at trial.

\\\

\\\

\\\

# FIRST CLAIM FOR RELIEF

## (Federal Trade Dress Infringement and False Designation of Origin)

### [15 U.S.C. §1125(a)]

30.    Plaintiff incorporates all prior allegations as if set forth fully herein.

31.    Givenchy's Nightingale Trade Dress has a unique, distinctive, non-functional style and unique, distinctive, non-functional characteristics. The Nightingale Trade Dress includes without limitation a removable strap, two double seamed handles, a flat bottom and decorative double stitched horizontal and vertical stripes on the exterior that visually separate the bag into four distinct quadrants. **(Exhibit 1.)**

32.    Givenchy's Nightingale Trade Dress is known for, and recognized by, relevant consumers and the trade for the specific details identified hereinabove, as well as the overall look and feel contributing to the total image of Givenchy's Nightingale handbags that use and incorporate the Nightingale Trade Dress.

33.    The characteristics, alone or in combination, of Givenchy's Nightingale Trade Dress have come to identify Plaintiff as their source of origin, thus serving as protectable trade dress.

34.    The Nightingale Trade Dress is unique, distinctive and non-functional. If any utility exists, it is not essential to the purpose, quality or source identifying attributes of Givenchy's Nightingale handbags.

35.    The Nightingale Trade Dress used in connection with Givenchy's Nightingale handbags is inherently distinctive and has acquired distinction within the meaning of the Lanham Act.

36.    Defendant's creation, production, offering for sale, sale, advertisement and distribution of Defendant's Infringing Handbags, which use trade dress that is confusingly similar to the Nightingale Trade Dress, has been and is without Plaintiff's permission or consent, and constitutes designation of a term, symbol, device, or combination thereof, that is false or misleading within the meaning of 15 U.S.C. § 1125.

COMPLAINT

37.    Plaintiff has suffered harm as a result of Defendant's acts.

38.    Defendant's conduct has been calculated specifically to trade off of the goodwill that Plaintiff has developed in its successful Nightingale handbags.  By its aforesaid acts, particularly Defendant's imitation of the unique, distinctive and non-functional features of the Nightingale Trade Dress that Plaintiff uses in connection with its Nightingale handbags, which are sold and distributed in interstate commerce and in this judicial district, Defendant has infringed and is likely to continue to infringe on Plaintiff's substantial rights in and to the Nightingale Trade Dress.  In so doing, Defendant has represented and designated falsely to the public generally, and to relevant consumers specifically, the source of origin of Givenchy's Nightingale Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.    Defendant's Infringing Handbags constitute false descriptions and representations tending to falsely describe or represent Defendant and Defendant's Infringing Handbags as being authorized, sponsored, affiliated or associated with Plaintiff, when, in fact, they are not.

40.    Defendant has used copies and colorable imitations of the Nightingale Trade Dress on Defendant's Infringing Handbags with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon Plaintiff's reputation for producing goods of the highest quality, and to improperly appropriate to itself Plaintiff's valuable intellectual property rights.

41.    Plaintiff has been damaged by, and Defendant has profited from, Defendant's wrongful conduct in an amount to be proven at trial.

42.    For each act of infringement, Plaintiff is entitled to recover its actual damages as well as Defendant's profits from such infringement.

43.    Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred in this action.

44.    Monetary relief alone, however, is not adequate to address fully the irreparable injury that Defendant's wrongful acts have caused and will continue to

-7-                                                                    COMPLAINT

1  cause to Plaintiff if such acts are not enjoined by this Court.  Plaintiff is, therefore,

2  entitled to preliminary and permanent injunctive relief to stop Defendant's

3  infringement of Givenchy's Nightingale Trade Dress.

### SECOND CLAIM FOR RELIEF

#### (State Statutory and Common Law Unfair Competition)

#### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

7       45.    Plaintiff incorporates all prior allegations as if set forth fully herein.

8       46.    This claim arises under California Business and Professions Code

9  sections 17200 *et seq.* and the common law of the State.  This Court has jurisdiction

10  over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b),

11  this being a claim of unfair competition joined with a substantial and related claim

12  under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

13       47.    Plaintiff is the owner of all right, title, and interest in and to Givenchy's

14  Nightingale Trade Dress.

15       48.    Upon information and belief, Defendant has appropriated Givenchy's

16  Nightingale Trade Dress with the intent of causing confusion, mistake, and deception

17  as to the source of origin of its goods with the intent to palm off its goods as those of

18  Plaintiff and to place others in the position to palm off their goods as those of

19  Plaintiff.

20       49.    The acts of Defendant as aforesaid violate the unfair competition laws of

21  the State of California and, specifically, California Business and Professions Code

22  sections 17200 *et seq.*

23       50.    Plaintiff has no adequate remedy at law.  The conduct of Defendant has

24  caused and, if not enjoined, will continue to cause, Plaintiff irreparable harm and

25  damage Givenchy's Nightingale Trade Dress, and Plaintiff's business, reputation, and

26  goodwill.

27  ///

28  ///

-8-                                                         COMPLAINT

# THIRD CLAIM FOR RELIEF
## CONSTRUCTIVE TRUST
### [Cal. Civ. Code § 2224]

51.  Plaintiff incorporates all prior allegations as if set forth fully herein.

52.  This claim arises under California Civil Code section 2224 and the common law of the State of California.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of constructive trust joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

53.  Plaintiff states, upon information and belief and thereupon alleges, that Defendant owns and/or possesses tangible real and/or personal properties and assets including, but not limited to, bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from Defendant's unauthorized manufacture, distribution, and/or sale of infringing products.

54.  Plaintiff is entitled to the profits Defendant has derived from the infringement of Plaintiff's trade dress and acts of unfair competition as detailed above, pursuant to, *inter alia*, 15 U.S.C. §1117 et seq.

55.  Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendant's acts as aforementioned.  Defendant holds those tangible real and/or personal properties and assets consisting of and/or obtained by profit derived from Defendant's infringing activities as a constructive trustee for the benefit of Plaintiff, in an amount thus far not determined.

\\\
\\\
\\\
\\\
\\\
\\\

COMPLAINT

# PRAYER FOR RELIEF

WHEREFORE, Givenchy prays for judgment as follows:

I.      That preliminary and permanent injunctions be issued enjoining Defendant and its agents, servants, employees and those persons in active concert or participation with them or under their direction or control ("Related Entities"), from:

A.      importing, manufacturing, promoting, advertising, marketing, distributing, displaying, selling, or offering to sell goods bearing infringements of Givenchy's Nightingale Trade Dress;

B.      reproducing, copying, or infringing Givenchy's Nightingale Trade Dress, including using Givenchy's Nightingale Trade Dress, or any marks or designations confusingly similar thereto in connection with importing, manufacturing, promoting, advertising, distributing, displaying, selling, or offering to sell any unauthorized goods;

C.      using any logo, symbol, device, trade name, trademark, or trade dress that may be calculated to falsely represent that Defendant's goods are sponsored by, authorized by, endorsed by, or in any way associated with Givenchy;

D.      falsely representing that Defendant or its Related Entities are connected with Givenchy, or sponsored by or associated with Givenchy, or engaging in any act that is likely to falsely cause consumers, the public and the trade to erroneously believe that Defendant and/or its Related Entities and/or their goods are in any way endorsed by, approved by, and/or associated with Givenchy;

E.      using any reproduction, infringement, copy, or colorable imitation of Givenchy's Nightingale Trade Dress in connection with manufacturing, importing, exporting, promoting, advertising, marketing, distributing, displaying, selling, or offering to sell any

COMPLAINT

unauthorized goods including without limitation items bearing a reproduction, infringement, copy, or colorable imitation of Givenchy's Nightingale Trade Dress;

F.    disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, promotion, marketing, advertisement, receipt, acquisition, importation, exportation, distribution, purchase, display, sale or offer for sale of any goods bearing a reproduction, infringement, copy, or colorable imitation of Givenchy's Nightingale Trade Dress;

G.    possessing, receiving, manufacturing, assembling, distributing, displaying, advertising, marketing, promoting, returning, selling, offering for sale or otherwise disposing of any products, labels, tags, signs, prints, packages, wrappers, receptacles, advertisements, or other items bearing a reproduction, infringement, copy, or colorable imitation of Givenchy's Nightingale Trade Dress, or disposing of any means of producing these items; and

H.    instructing, aiding or abetting any other person or entity in engaging in any of the activities referred to in subparagraphs A through G above.

II.    Directing that Defendant deliver up for destruction to Plaintiff all unauthorized goods and advertisements in its possession or under its control bearing Givenchy's Nightingale Trade Dress or any simulation, reproduction, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

-11-

COMPLAINT

III.   Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that Defendant, or any products manufactured, sold or otherwise circulated or promoted by Defendant, are authorized by Plaintiff or are in any way related to Plaintiff or Plaintiff's products.

IV.   Requiring Defendant to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringement and unfair competition with respect to Givenchy's Nightingale Trade Dress and to account for all gains, profits and advantages derived by Defendant from the sale of its Infringing Handbags and that the award to Plaintiff be trebled as provided for under 15 U.S.C. § 1117.

V.   Ordering that Plaintiff recover the costs of this action together with its reasonable attorneys' and investigation fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

VI.   That Plaintiff be awarded punitive damages for Defendant's malicious acts of common law unfair competition.

VII.   Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII.   Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Plaintiff has incurred in connection with this action

KEATS MCFARLAND & WILSON, LLP

Dated: November 4, 2010

By: _____
Anthony M. Keats, Esq.
Attorneys for Plaintiff,
GIVENCHY S.A.

**<u>Givenchy S.A. v. BCBG Max Azria Group, Inc.</u>**
**U.S. District Court, Central District of California**
**Case No. CV 10-08394 GHK (SHx)**

# EXHIBIT 1

# <u>COMPLAINT</u>

# EXHIBIT 1



EXHIBIT____/____
PAGE____/3____



EXHIBIT___1___

PAGE_____14___



EXHIBIT___1___
PAGE___15___



**Givenchy S.A. v. BCBG Max Azria Group, Inc.**
**U.S. District Court, Central District of California**
**Case No. CV 10-08394 GHK (SHx)**


# EXHIBIT 2


# COMPLAINT


# EXHIBIT 2



EXHIBIT  2
PAGE  17



EXHIBIT____2____
PAGE____18____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV10- 8394 GHK (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[ ] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Anthony M. Keats (SBN 123549) akeats@kmwlaw.com
David K. Caplan (SBN 181174) dcaplan@kmwlaw.com
Konrad K. Gatien (SBN 221770) kgatien@kmwlaw.com
**KEATS, McFARLAND & WILSON LLP**
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIVENCHY S.A., a *société anonyme* duly organized and existing under the laws of France, <br><br> PLAINTIFF, <br><br> v. <br><br> BCBG MAX AZRIA GROUP, INC., a California corporation, <br><br> DEFENDANT. | CASE NUMBER <br><br> CV- CV10 8394-GHK(SHx) <br><br> **SUMMONS** |

**TO:**   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorneys Anthony M. Keats, David K. Caplan and Konrad K. Gatien, whose address is:

**KEATS McFARLAND & WILSON LLP**
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363

an answer to the ☒ **complaint** ☐ _____ **amended complaint** ☐ **counterclaim** ☐ **cross-claim** which is herewith served upon you within twenty-one (21) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Clerk, U. S. District Court

DATE: 4 NOV 2010 _____

By _____ MARILYN DAVIS _____

Deputy Clerk

(SEAL)

*(Seal of the Court)*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Givenchy S.A., a société anonyme duly organized and existing under the laws of France | BCBG Max Azria Group, Inc., a California corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Keats McFarland & Wilson LLP (SEE ATTACHMENT "A")<br>9720 Wilshire Boulevard, Penthouse Suite<br>Beverly Hills, California 90212; Tel.: (310) 248-3830 | |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☑ No          ☐ MONEY DEMANDED IN COMPLAINT: $_____

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(15 USC § 1125(a)) Federal Trade Dress Infringement and False Designation of Origin

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number:  CV10 8394

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                         ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                         ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                         ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Givenchy S.A., Paris, France |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| BCBG Max Azria Group, Inc., Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

***\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties***
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _(signature)_      Date November 4, 2010

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## Civil Cover Sheet
## USDC, Central District of California

### Givenchy S.A. v. BCBG Max Azria Group, Inc.
Case No. _____

### ATTACHMENT "A"

**1(b) Attorneys:**
Anthony M. Keats (State Bar No. 123672)
E-Mail:  akeats@kmwlaw.com
David K. Caplan (State Bar No. 181174)
E-Mail:  dcaplan@kmwlaw.com
Konrad K. Gatien (State Bar No. 221770)
E-Mail:  kgatien@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California  90212
Telephone:   (310) 248-3830
Facsimile:   (310) 860-0363

Attorneys for Plaintiff
GIVENCHY S.A.